1  Michael B. Adreani, Esq. (SBN 194991)
2  Joseph C. Gjonola, Esq. (SBN 241955)
   David R. Ginsburg, Esq. (SBN 210900)
3  ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
4  5900 Canoga Avenue, Suite 450
   Woodland Hills, California 91367
5  Telephone: (818) 992-9999
6  Facsimile:  (818) 992-9991
   Email: mba@rpnalaw.com; jcg@rpnalaw.com; drg@rpnalaw.com
7
8  Attorneys for Plaintiffs and Cross-Defendants

9
                    UNITED STATES DISTRICT COURT
10
11         CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
12

| | |
|---|---|
| DIAMOND PEO, LLC; VL BEST PEO, INC.; and SKY HIGH PEO, LLC,<br><br>          Plaintiffs,<br><br>    vs.<br><br>CLEAR SPRING PROPERTY AND CASUALTY COMPANY; and DOES 1 through 50, inclusive,<br><br>          Defendants.<br>_____<br>CLEAR SPRING PROPERTY AND CASUALTY COMPANY,<br><br>          Cross-Complainant,<br><br>    vs.<br><br>DIAMOND PEO, LLC; VL BEST PEO, INC.; and ROES 1-20, inclusive,<br><br>          Cross-Defendants. | CASE NO.  8:21-cv-00866 DOC (KESx)<br><br>Assigned to Honorable David O. Carter<br><br>**STIPULATED PROTECTIVE ORDER** |

PROTECTIVE ORDER

## I. PURPOSES AND LIMITATIONS

A. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and any applicable orders issued by the Court set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

A. This action is likely to involve claims by one or more parties that information and documents produced through disclosures or discovery implicate the privacy rights of third parties, or contain private trade secrets and other valuable research, development, commercial, financial, technical, or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such claims of private, confidential, and proprietary materials and information may be based on documents consisting of, among other things, **workers compensation claims files and documents related to workers compensation claims, which may include personally identifiable information concerning workers compensation claimants, and medical and other information for the claimants,** confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including

information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties may be entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III.  DEFINITIONS

   A.   <u>Action</u>:  This pending federal lawsuit.

   B.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

   C.   <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   D.   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

   E.   <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   F.   <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      G.    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

      H.    <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

      I.    <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

      J.    <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

      K.    <u>Party</u>:  Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

      L.    <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

      M.    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      N.    <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

      O.    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V. DURATION

A. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

A. Exercise of Restraint and Care in Designating Material for Protection

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an

improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.     Manner and Timing of Designations

1.      Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must

affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

          c.    For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

          d.    For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    C.    Inadvertent Failure to Designate

        1.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

    A.    Timing of Challenges

        1.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    B.    Meet and Confer

        1.    The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    C.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "CONFIDENTIAL" Information or Items

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, including for the purpose of handling any workers' compensation claims related to this Action;

  c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  d. The Court and its personnel;

  e. Court reporters and their staff;

  f. Professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary or this Action;

  g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

 C. Disclosure of Certain Workers' Compensation Claim File Materials

  1. Prior to the disclosure or production of workers' compensation claim files in this action by Defendant Clear Spring Property and Casualty Company ("Defendant"), counsel for Plaintiffs must send to each claimant/employee, at the employee's present or last known address, written notification in the form of the

1  Notice attached hereto as Exhibit "B" ("Notice") and its enclosure attached hereto as
2  Exhibit "C".
3          2.      Defendant's counsel will provide to Plaintiffs' counsel the last
4  known address for each claimant/employee whose claim files are sought no later than
5  five (5) business days after Plaintiffs' counsel requests such addresses and identifies
6  the claimant's name or claim number relating to each claim file being sought.
7          3.      Plaintiffs' counsel will send to Defendant's counsel copies of any
8  Notice sent pursuant to this section at the same time such Notices are sent to the
9  claimant/employees. Plaintiffs' counsel will notify Defendant's counsel of any
10 written objection received from any claimant/employee. Plaintiffs' counsel will
11 advise Defendant's counsel within five (5) business days of receipt of any Notice that
12 is returned as undeliverable so that the Parties can take appropriate action.
13         4.      Defendant will produce the entire requested claim file, subject to
14 any applicable privileges that may apply along with a privilege log, no later than ten
15 (10) business days after the deadline identified in the Notice for the
16 claimant/employee to notify counsel of his or her objection, provided there was no
17 objection thereto and provided that the Notice to the employee/claimant was not
18 returned as undeliverable.
19         5.      Defendant will produce the requested claim file, subject to any
20 applicable privileges that may apply along with a privilege log, no later than ten (10)
21 business days after receipt of a timely objection, with the exception that unless and
22 until there is a court order allowing for production, medical information in the claim
23 file need not be produced if that medical information is unrelated to all of the
24 following:
25              a.      the diagnosis of the mental or physical condition for which
26 workers' compensation is claimed and the treatment provided for this condition.
27
28

10
**PROTECTIVE ORDER**

      b.    medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

    6.    Defendant will produce the requested claim file, subject to any applicable privileges that may apply along with a privilege log, no later than ten (10) business days after Plaintiffs' counsel advises Defendant's counsel of any Notice that is returned as undeliverable, with the exception that unless and until there is a court order allowing for production, medical information in the claim file need not be produced if that medical information is unrelated to all of the following:

      a.    the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition.

      b.    medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

    7.    Plaintiffs or Defendant, by and through their respective counsel, may file a motion seeking a court order allowing production of any withheld medical information that is unrelated to (1) the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition, and (2) medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

## IX. PROTECTED MATERIAL REQUESTED, SUPOENAED OR ORDERED PRODUCED

A.    If a Party is (1) served with a discovery request, subpoena, or order issued in other litigation that seeks or compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or (2) receives a request from any governmental, law enforcement, or regulatory agency pursuant to any statute,

regulation, order, or subpoena for any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    1. Promptly, and in no case more than seven (7) business days, notify in writing the Designating Party. Such notification shall include a copy of the request, discovery request, subpoena, or order;

    2. Promptly, and in no case more than seven (7) business days, notify in writing the party who served or made the request, discovery request, subpoena, or order that some or all of the material covered by the request, discovery request, subpoena, or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B. If the Designating Party timely seeks a protective order, the Party served or provided with the request, discovery request, subpoena, or order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination (1) by the Court from which discovery request was made, or the subpoena or order issued, or (2) by the Court in this Action in the case of a request from any governmental, law enforcement, or regulatory agency pursuant to any statute, regulation, order, or subpoena, unless the Party has obtained the Designating Party's permission in writing. The Designating Party shall bear the burden and expense of seeking protection of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

C. Notwithstanding the foregoing, nothing contained in this Protective Order shall require either Party to violate any obligation or duty set forth in any statute and/or regulation, nor shall it require either Party to violate any of the terms, conditions, or instructions contained in a lawful order, or directive, or request from any Court, law enforcement agency or State regulatory agency.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), should the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A. Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. Right to Assert Other Objections

1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. Filing Protected Material

1. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record in compliance with the requirements of Civil L.R. 5.2-1 and FRCP 5.2, unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

A. After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.   Any violation of this Order shall be adjudicated through any and all appropriate measures provided for in the Federal Rules of Civil Procedure, the Local Rules and the Orders of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: May 9, 2022          ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By: /s/David Ginsburg
MICHAEL B. ADREANI
JOSEPH C. GJONOLA
DAVID R. GINSBURG
Attorneys for Plaintiffs and Cross-Defendants, DIAMOND PEO, LLC; VL BEST PEO, INC.; and SKY HIGH PEO, LLC

DATED: May 9, 2022          GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Margaret M. Drugan
ASIM K. DESAI
MARGARET M. DRUGAN
Attorneys for Defendant, Cross-Complainant CLEAR SPRING PROPERTY AND CASUALTY COMPANY

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, David Ginsburg hereby attests that all other signatories listed concur in the content of this document and have authorized its filing.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: May 10, 2022

_____
Hon. Karen E. Scott
United States Magistrate Judge

**EXHIBIT A**

**Acknowledgment and Agreement to Be Bound**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Diamond PEO, LLC, et al. v. Clear Spring Property and Casualty Company, et al.*, Case Number 8:21-cv-00866 DOC (KESx).

I have been given a copy of that Order and read it.  I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return or destroy the Confidential Information, including copies, notes, or other transcription made therefrom, to the counsel who provided me with the Confidential Information and will confirm such in writing upon request.

I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 202_, at _____, California.

By: _____
Address:_____
Phone: _____

**EXHIBIT B**

_____ [Name]
_____ [Address]
_____ [Address]

Re: Diamond PEO, LLC, et al. v. Clear Spring Property and Casualty Company, et al.

Dear Mr./Ms.: _____

     A lawsuit is currently pending between Diamond PEO, LLC; VL Best PEO, Inc., and Sky High PEO, LLC ("Plaintiffs"), on the one hand, and Clear Spring Property and Casualty Company ("Defendant"), on the other hand. As part of the lawsuit, Defendant's records pertaining to your workers' compensation claim are being sought for examination by Plaintiffs.

     Your workers' compensation claim and any insurance benefits that you received in connection with your claim will not be affected by this lawsuit, or by Plaintiffs' examination of the information in your claim file.

     This notice is provided to you so that, if you have grounds to do so, you may object to the disclosure of medical information that is unrelated to the diagnosis, treatment, and modification of work duties related to your workers' compensation claim, to the extent your workers' compensation claim file contains such information. Please check the appropriate space on the attached form, fill out the information requested, and sign and date the attached form. Please mail one copy of the form to Plaintiffs' attorneys, and one copy of the form to the Defendant's attorneys to the addresses listed below. We have enclosed pre-addressed, stamped envelopes for your convenience. We ask that you notify both of the following individuals in writing within 15 days of the date of this notice:

| Attorney for Plaintiffs | Attorney for Defendant |
|---|---|
| David R. Ginsburg, Esq. | Asim K. Desai, Esq. |
| Roxborough, Pomerance & Nye LLP | Gordon Rees Scully Mansukhani, LLP |
| 5900 Canoga Avenue, Suite 450 | 633 West Fifth Street, 52nd Floor |
| Woodland Hills, California 91367 | Los Angeles, California 90071 |

     If we do not receive a copy of the enclosed executed form within twenty (20) days, your medical information contained within your workers' compensation claim file regarding the above referenced claim will be produced to Plaintiffs.

If you have any questions about this notice, you may wish to consult an attorney.

        Sincerely,

        David R. Ginsburg, Esq.
        Attorney for Plaintiffs

cc:    Asim K. Desai, Esq.
       Attorney for Defendant

# EXHIBIT "C"

## ENCLOSURE TO LETTER TO WORKERS' COMPENSATION CLAIMANTS

RE: Diamond PEO, LLC, et al. v. Clear Spring Property and Casualty Company, et al..

Claimant Name: _____

Claim No.: _____

_____ I authorize CLEAR SPRING PROPERTY AND CASUALTY COMPANY to disclose my medical information contained in my workers' compensation claim file regarding the above referenced claim to Diamond PEO, LLC, VL Best PEO, Inc. and Sky High PEO, LLC.

_____ I do not authorize CLEAR SPRING PROPERTY AND CASUALTY COMPANY to disclose my medical information contained in my workers' compensation claim file regarding the above referenced claim to Diamond PEO, LLC, VL Best PEO, Inc. and Sky High PEO, LLC.

_____
Signature

_____
Print Name

_____
Date

Name_____

Claim No._____

Address _____